IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JANE DOE (K.D.) § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 5:26-CV-00035 |
| § | |
| ISHVARPREMI HOSPITALITY LLC § | |
| D/B/A RED ROOF INN, and USA § | |
| HOTEL LODGING LTD D/B/A § | |
| RED ROOF INN § | |
| § | |
| *Defendants*. § | |

**DEFENDANT ISHVARPREMI HOSPITALITY, LLC
D/B/A RED ROOF INN'S NOTICE OF REMOVAL**

Defendant **Ishvarpremi Hospitality, LLC d/b/a Red Roof Inn** ("Ishvarpremi Hospitality"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this Notice of Removal and shows as follows:

**I. INTRODUCTION**

1. This is a removal of a claim involving sex trafficking allegations pursuant to 18 U.S.C. § 1591 and § 1595. This suit was filed by Plaintiff against Ishvarpremi Hospitality and USA Hotel Lodging Ltd. "(USA Hotel") on April 17, 2023, in the 99th District Court of Lubbock County, Texas, Cause No. DC-2023-CV-0459.

2. The matter was transferred to the Multi-District Litigation ("MDL") Court in Harris County, Texas, Master Docket Cause No. 2020-28545.

3. Ishvapremi Hospitality filed a motion for summary judgment in state court. In response, Plaintiff amended her state court petition on February 2, 2026, dropping all state law claims and asserting for the first time a federal cause of action under 18 U.S.C. § 1591 and § 1595.

4. This removal is based on federal question jurisdiction. **<u>USA Hotel has consented to the removal</u>**. At the time of filing this removal, no other Defendant has been served.

5. Ishvapremi Hospitality files its Notice of Removal within 30 days of service of Plaintiff's First Amended Petition per 28 U.S.C. § 1446(b). Ishvapremi Hospitality has contemporaneously filed a Notice of Filing Notice of Removal with the Lubbock County state court in which this case was previously pending. In addition, a Notice of Filing Notice of Removal has been contemporaneously filed in the Harris County MDL state court.

## II. FEDERAL QUESTION JURISDICTION

6. This Court has jurisdiction over this civil action pursuant to 28 U.S.C § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This matter arises out of allegations under the Trafficking Victims Protection Reauthorization Act ("TVPRA") 18 U.S.C. § 1591 and § 1595. Thus, this Court has subject matter jurisdiction. *A.M. v. Salesforce.com, Inc.*, 2022 WL 2181068, at *2 (N.D. Tex. June 16, 2022) (concluding claims under the TVPRA raise federal question jurisdiction); *Joseph v. Singal Int'l LLC*, 2014 WL 125599643, at *1 (E.D. Tex. June 17, 2014) (same); *see also Gunn v. Minton*, 568 U.S. 2541, 257 (2013) ("a case arises under federal law when federal law creates the cause of action asserted"); *Boniface v. Viliena*, 145 F.4th 98, 110 (1st Cir. 2025) (affirming district court's conclusion that claims brought under the TVPRA Act raise federal question subject matter jurisdiction).

7. Moreover, this removal is timely. This removal is being filed less than 30 days after service of the Plaintiff's First Amended Petition alleging violations of 18 U.S.C. § 1591 and § 1595. 28 U.S.C. § 1446(b)(3); *see also Wade v. City of Greenville Police Dep't*, 700 F.Supp.3d 457, 461 (N.D. Miss. 2023) (an amended complaint that asserts federal claims for the first time may trigger the renewed 30-day removal period). Further, the one-year limitation on removal does

not apply to federal question jurisdiction. *Burnett v. Petroleum Geo-Servs., Inc.*, 2013 WL 1723011, at *3 N.D. Tex. Apr. 22, 2013) (noting the one-year time limit in § 1446(c)(1) "would not preclude removal" when such removal is based on federal question jurisdiction); *Wade*, 700 F.Supp.3d at 461 (there is no one-year limitation to removing cases based on federal question jurisdiction, unlike in diversity cases).

8.  Co-Defendant USA Hotels consents to this removal. 28 U.S.C. § 1446(b)(2)(A). Further, at the time of removal, no other Defendants have been served. *Tisdale v. Pagourtzis*, 2020 WL 7170491, at *3 (S.D. Tex. Dec. 7, 2020) (consent of unserved defendants is not necessary prior to removal); *WF/TX Invs., LLC v. Seneca Ins. Co., Inc.*, 2020 WL 1812672, at *3 (E.D. Tex. Apr. 9, 2020) (where the non-consenting defendant was not yet served with process at the time the removal petition was filed, consent is not required).

### III.   VENUE

9.  Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 99th District Court, Lubbock County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district. Further, the Lubbock County District Court retains jurisdiction over this matter, even though it was transferred to the MDL Court in Harris County for pretrial matters. Tex. R. Jud. Admin. § 13.4 (noting that transfer to the MDL Court "does not limit the jurisdiction of the trial court"). Therefore, this matter is properly removed to the Northern District of Texas, Lubbock Division.

### IV. COMPLIANCE WITH REMOVAL PROCEDURES

10. Attached to or filed with this Notice of Removal are the following documents required by 28 U.S.C. § 1446(a) and N.D. Tex. Loc. R. 81.1 (these documents are hereby incorporated by reference in all respects), attached to Defendant's Index of Documents:

1. Docket Sheet in the 99th District Court, Lubbock County (state court) Action;

2. Plaintiff's Original Petition, filed on April 17, 2023;

3. 2024 Vacation letter;

4. JDKD Notice of Transfer to MDL Trial Court;

5. Defendant USA Hotel's Motion to Transfer and Original Answer filed on May 15, 2023;

6. Defendant Ishvapremi Hospitality's Original Answer filed on May 12, 2023;

7. Defendant Ishvapremi Hospitality's jury demand;

8. 2023 Vacation letter;

9. Affidavit of Service on Defendant Ishvapremi Hospitality dated May 3, 2023;

10. Affidavit of Service on Defendant USA Hotel dated May 2, 2023;

11. Civil Process Request form as to Defendant Ishvapremi Hospitality dated April 19, 2023;

12. Civil Process Request form as to Defendant USA Hotel dated April 19, 2023;

From the Harris County MDL Court:

13. Docket Sheet for the 11th District Court (Harris County) MDL Action;

14. Plaintiff's First Amended Petition dated February 2, 2026;

15. Notice of Hearing for Defendant Ishvapremi Hospitality's Motion for Summary Judgment dated January 30, 2026;

16. Defendant Ishvapremi Hospitality's Motion for Summary Judgment dated October 30, 2025;

17. Proposed Order granting Defendant Ishvapremi Hospitality's Motion for Summary Judgment;

18. Notice of Cancellation of Hearing on Plaintiff's Motion to Compel;

19. Notice of Hearing on Plaintiff's Motion to Compel Discovery from Defendant USA Hotel;

20. Amended Notice of Hearing on Plaintiff's Motion to Compel Discovery from Defendant USA Hotel;

21. Plaintiff's Motion to Compel Discovery from Defendant USA Hotel;

22. Plaintiff's Motion to Compel Discovery from Defendant USA Hotel, Exhibit A;

23. Proposed Order on Plaintiff's Motion to Compel Discovery from Defendant USA Hotel;

24. Plaintiff's Certificate of Written Discovery;

25. Plaintiff's Response to Defendants' Motion to Remand;

26. Notice of Hearing on Defendants' Motion to Remand;

27. Defendant USA Hotel's First Amended Answer dated July 13, 2023;

28. Defendants' Motion to Remand;

29. Plaintiff's Notice of Transfer to the MDL Court dated June 6, 2023.

Also included:

30. List of Counsel of Record.

11. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal has been given to all adverse parties promptly upon the filing of same.

13. Pursuant to 28 U.S.C. § 1441(c)(2) and § 1446(b)(2), Defendant USA Hotel has **consented** to removal.

WHEREFORE, PREMISES CONSIDERED, Defendant Ishvapremi Hospitality requests this action now pending in the 99th Judicial District Court of Lubbock County, Texas, and the 11th District MDL Court, Harris County, Texas, be immediately and entirely removed upon filing of this Notice of Removal to the United States Court for the Northern District of Texas, Lubbock Division.

                    Respectfully submitted,

                    **FLETCHER, FARLEY**
                    **SHIPMAN & SALINAS, LLP**

BY:    */s/ Paul W. Bennett*
           **PAUL W. BENNETT**
           State Bar No. 00787071
           paul.bennett@fletcherfarley.com
           **JASON B. JACOB**
           State Bar No. 24098825
           9201 N. Central Expressway, Suite 600
           Dallas, Texas 75231
           (214) 987-9600 (office)
           (214) 987-9866 (telecopier)

           **ATTORNEYS FOR DEFENDANT**
           **ISHVARPREMI HOSPITALITY, LLC**
           **D/B/A RED ROOF INN**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 17th day of February 2026.

           */s/ Paul W. Bennett*
           **PAUL W. BENNETT**