CAUSE NO. 2023-35040

| | | |
|---|---|---|
| JANE DOE (K.D.), | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 11TH JUDICIAL DISTRICT |
| | § | |
| ISHVARPREMI HOSPITALITY LLC | § | |
| d/b/a RED ROOF INN and USA HOTEL | § | |
| LODGING LTD. d/b/a RED ROOF INN, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

CAUSE NO. DC-2023-CV-0459

| | | |
|---|---|---|
| JANE DOE (K.D.), | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 99TH JUDICIAL DISTRICT |
| | § | |
| ISHVARPREMI HOSPITALITY LLC | § | |
| d/b/a RED ROOF INN and USA HOTEL | § | |
| LODGING LTD. d/b/a RED ROOF INN, | § | |
| | § | |
| Defendants. | § | LUBBOCK COUNTY, TEXAS |

## DEFENDANT USA HOTEL LODGING LTD. d/b/a RED ROOF INN'S FIRST AMENDED ANSWER SUBJECT TO MOTION TO TRANSFER VENUE AND MOTION TO SEVER

Defendant USA Hotel Lodging Ltd. d/b/a Red Roof Inn ("Defendant") files and serves its First Amended Answer Subject to Motion to Transfer Venue and Motion to Sever[1] to Plaintiff's live petition, and in support thereof would respectfully represent and show unto the Court the following:

---

[1] Defendant USA Hotel Lodging Ltd. d/b/a Red Roof Inn incorporates its Motion to Transfer Venue and Motion to Sever, filed May 15, 2023, by reference as if fully set forth herein. TEX. R. CIV. P. 58.

I.

Defendant generally denies each and every, all and singular, the material allegations contained in Plaintiff's live petition and demands strict proof thereof. TEX. R. CIV. P. 92.

II.

Further answering, Defendant specially alleges that the allegations made the basis of the claims and alleged damages, if any, of Plaintiff were caused by acts and/or omissions of persons or third parties over whom this Defendant has no control, and for whom this Defendant is not in law responsible. Such acts and/or omissions were the sole proximate cause or a proximate cause or a producing cause of the occurrence(s) in question and the alleged damages, if any.

III.

Further answering, Defendant would show that unnamed and unknown third parties referred to in Plaintiff's Original Petition committed criminal acts that were causes of the alleged loss or injury that is the subject of this suit. Based on Plaintiff's allegations, Defendant would show that Plaintiff's alleged trafficker(s), "johns," and any other unidentified persons who allegedly participated in the trafficking and/or compelled prostitution of Plaintiff are unknown criminal actors and are properly designated as responsible third parties pursuant to Section 33.004(j).

Specifically, Plaintiff's alleged trafficker(s), "johns," and any other unidentified persons who allegedly participated in the trafficking and/or compelled prostitution of Plaintiff committed, *inter alia*, the following criminal acts which were causes of the alleged loss or injury that is the subject of this lawsuit:

    1.    Forcing Plaintiff to act as a prostitute on Defendant's premises, allegedly keeping Plaintiff at Defendant's premises for lengthy periods of time and subjecting her to serious harm in violations of Section 43.03 (*Promotion of Prostitution*), Section 43.05 (*Compelled Prostitution*), Chapter 20

(*Kidnapping*) and Chapter 20A (*Trafficking of Persons*) of the TEXAS PENAL CODE;

2. Participating in or facilitating the compelled prostitution and/or trafficking of Plaintiff in violations of Section 43.02(b) (*Prostitution of Another Person*), Section 43.05 (*Compelled Prostitution*), and Chapter 20A (*Trafficking of Persons*) of the TEXAS PENAL CODE;

3. Knowingly offering or agreeing to pay a fee to another person for the purpose of engaging in sexual conduct with that person or another in violation of Section 43.021 (*Solicitation of Prostitution*) of the TEXAS PENAL CODE;

4. Owning, managing, or operating an interactive computer service or information content provider, or operating as an information content provider, with the intent to promote the prostitution of another person or facilitate another person to engage in prostitution or solicitation of prostitution in violation of Section 43.031 (*Online Promotion of Prostitution*) of the TEXAS PENAL CODE;

5. Knowingly owning, investing in, financing, controlling, supervising, or managing a prostitution enterprise that uses two or more prostitutes in violation of Section 43.04 (*Aggravated Promotion of Prostitution*) of the TEXAS PENAL CODE;

6. Owning, managing, or operating an interactive computer service or information content provider, or operating as an information content provider, with the intent to promote the prostitution of five or more persons or facilitating five or more persons to engage in prostitution or solicitation of prostitution in violation of Section 43.041 (*Aggravated Online Promotion of Prostitution*) of the TEXAS PENAL CODE; and

7. Knowingly committing any of the prohibited acts enumerated in subsections (a)(1)-(8) in violation of Section 20A.02 (*Trafficking of Persons*) of the TEXAS PENAL CODE.

Violations of these sections of the Texas Penal Code are felony criminal offenses. As of the filing of this First Amended Answer, Defendant possesses no known identifying characteristics of these John Does as Plaintiff has not identified or meaningfully described these persons in any pleading or discovery to-date. Defendant has no other information in its possession, custody, or control regarding identifying characteristics of these John Does at this time.

IV.

Further answering, Defendant would show by way of affirmative defense that Plaintiff's causes of action are barred by the applicable statute of limitations.

V.

Further answering and in the alternative, Defendant would show that the occurrence(s) in question was the result of an intervening or superseding cause over which this Defendant had no control, and for which this Defendant is not in law responsible. Such intervening or superseding cause was the sole proximate cause or a proximate cause or a producing cause of the occurrence(s) in question and the alleged damages, if any.

VI.

Further answering, and in the alternative, Defendant is entitled to a credit, offset, and/or reduction in the medical expenses/bills alleged by the Plaintiff to have been proximately caused by the incident made the basis of this lawsuit pursuant to the "paid or incurred statute." Section 41.0105 of the Texas Civil Practice and Remedies Code provides that "in addition to any other limitation under law, recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." TEX. CIV. PRAC. & REM. CODE § 41.0105. As such, the Plaintiff's medical bills and any request for a recovery of such medical bills in this case is limited to the amount actually paid or actually incurred rather than the amount charged.

VII.

To the extent that Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contribution of pecuniary value, evidence of this alleged loss must be provided by the Plaintiff in the form of a net loss after reduction of income tax payments or

unpaid tax liability pursuant to federal income tax law, as required by Section 18.091 of the Texas Civil Practice and Remedies Code.

## VIII.

Further answering, and in the alternative, Defendant pleads the limitation of recovery of exemplary damages as set forth in Section 41.006, *et. seq.*, and Section 41.007, *et. seq.,* of the Texas Civil Practice and Remedies Code. Defendant alleges that exemplary damages may not exceed an amount equal to the greater of two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury not to exceed $750,000.00 or the sum of $200,000.00 pursuant to Section 41.008 of the Texas Civil Practice and Remedies Code.

## IX.

Further answering, Defendant would show that, pursuant to Section 41.003 of the Texas Civil Practice and Remedies Code and the laws of the State of Texas, in order for exemplary damages to be awarded to the Plaintiff, Plaintiff must prove by clear and convincing evidence that the harm alleged by the Plaintiff results from, among other things, gross negligence. This burden may not be shifted to the Defendant or satisfied by evidence of ordinary negligence.

## X.

"Clear and convincing" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, pursuant to Section 41.001(2) of the Texas Civil Practice and Remedies Code.

## XI.

Pursuant to Section 41.003(d) of the Texas Civil Practice and Remedies Code, exemplary damages may be awarded only if the jury is unanimous in regard to finding liability and the amount of exemplary damages.

XII.

Pursuant to Section 41.006 of the Texas Civil Practice and Remedies Code, Defendant further alleges that an award of punitive damages must be specific as to a defendant and that each defendant is liable only for the amount of the punitive damages awarded against that defendant. Accordingly, Defendant would show that there is no joint and several liability for punitive damages in this matter.

XIII.

Defendant would allege that pursuant to Section 41.007 of the Texas Civil Practice and Remedies Code prejudgment interest may not be assessed or recovered on an award of exemplary damages.

XIV.

Further answering, Defendant pleads that, pursuant to Section 41.001(4) of the Texas Civil Practice and Remedies Code, "economic damages" is defined as "compensatory damages intended to compensate a claimant for actual economic or pecuniary loss; the term does not include exemplary damages or non-economic damages."

XV.

Further answering, Defendant pleads that, pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code, medical bills are considered economic damages and shall be limited to the amount actually paid or incurred by or on behalf of the claimant.

XVI.

Defendant would further answer by showing that an employer may be liable for punitive damages in an action arising out of criminal conduct committed by an employee only if:

a.) The principal authorized the doing and the manner of the act;

  b.)  The agent was unfit and the principal acted with malice in employing or retaining him;
  c.)  The agent was employed in a managerial capacity and was acting in the scope of employment; or
  d.)  The employer or a manager of the employer ratified or approved the act.

## XVII.

Further answering, Defendant would show that on motion by any Defendant, the Court shall provide for a bifurcated trial, pursuant to Section 41.009 of the Texas Civil Practice and Remedies Code.

## XVIII.

Further answering, alternatively, and by way of affirmative defense, Defendant would show that, if necessary, in response to any pleas by Plaintiff for punitive and exemplary damages, Defendant asserts that Plaintiff's claims for punitive and exemplary damages are barred and/or limited by the Due Process Clause of both the United States and Texas Constitutions. Defendant further states that an award of punitive or exemplary damages would constitute the imposition of a criminal penalty without safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies Defendant equal protection of laws under the Fourteenth Amendment, and violates the due process clauses of the Fourth and Fourteenth Amendments. Defendant pleads that any claims by Plaintiff for exemplary or punitive damages should be stricken as unconstitutional and any award of exemplary or punitive damages should be set aside for the reasons stated above.

  WHEREFORE, PREMISES CONSIDERED, Defendant USA Hotel Lodging Ltd. d/b/a Red Roof Inn respectfully prays that upon final trial and hearing hereof, that no recovery be had

from Defendant and that Defendant recover its cost, and for such other and further relief to which Defendant may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

By: /s/ S. Todd Parks
    S. Todd Parks
    State Bar No. 15526520

400 Main Street
Decatur, Texas 76234
Telephone:   (940) 626-8254
Facsimile:   (214) 760-1670
ParksEDocsNotifications@wbclawfirm.com

**ATTORNEY FOR DEFENDANT
USA HOTEL LODGING LTD. d/b/a
RED ROOF INN**

## CERTIFICATE OF SERVICE

This is to certify that on this the 13TH day of July, 2023, a true and correct copy of the above document has been forwarded to all counsel of record.

/s/ S. Todd Parks
S. TODD PARKS

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Barrett Salmon on behalf of S. Todd Parks
Bar No. 15526520
barrett.salmon@wbclawfirm.com
Envelope ID: 77511030
Filing Code Description: Answer/ Response / Waiver
Filing Description: Def. USA Hotel Lodging Ltd. d/b/a Red Roof Inn's First Amended Answer Subject to MTV and MTS
Status as of 7/14/2023 8:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bryan Blevins | | bblevins@pulf.com | 7/13/2023 5:39:13 PM | SENT |
| S. Todd Parks | | ParksEDocsNotifications@wbclawfirm.com | 7/13/2023 5:39:13 PM | SENT |
| Barrett Salmon | | barrett.salmon@wbclawfirm.com | 7/13/2023 5:39:13 PM | SENT |
| Debra Felps | | dfelps@pulf.com | 7/13/2023 5:39:13 PM | SENT |
| Jackie Ryall | | jryall@pulf.com | 7/13/2023 5:39:13 PM | SENT |
| Matthew Matheny | | mmatheny@pulf.com | 7/13/2023 5:39:13 PM | SENT |
| Paul William Bennett | 787071 | paul.bennett@fletcherfarley.com | 7/13/2023 5:39:13 PM | SENT |
| Jason B.Jacob | | jason.jacob@fletcherfarley.com | 7/13/2023 5:39:13 PM | SENT |
| Karen Langston | | karen.langston@fletcherfarley.com | 7/13/2023 5:39:13 PM | SENT |
| Pamela McLemore | 24099711 | pamm@gld-law.com | 7/13/2023 5:39:13 PM | SENT |
| David Harris | 24049273 | dharris@shhlaw.com | 7/13/2023 5:39:13 PM | SENT |
| Annie McAdams | 24051014 | Annie@mcadamspc.com | 7/13/2023 5:39:13 PM | SENT |
| Colin David Moore | 24041513 | cmoore@pulf.com | 7/13/2023 5:39:13 PM | SENT |
| HT PULF | | HT@provostumphrey.com | 7/13/2023 5:39:13 PM | SENT |
| Morgan Malouf | | mmalouf@shhlaw.com | 7/13/2023 5:39:13 PM | SENT |
| Mandy Andrews | | mandrews@pulf.com | 7/13/2023 5:39:13 PM | SENT |
| Deborah Kurc | | dkurc@shhlaw.com | 7/13/2023 5:39:13 PM | SENT |
| Misty Sonnier | | msonnier@provostumphrey.com | 7/13/2023 5:39:13 PM | SENT |
| Michael TGallagher | | mike@gld-law.com | 7/13/2023 5:39:13 PM | SENT |
| Yolanda Rodriguez | | yolanda.rodriguez@fletcherfarley.com | 7/13/2023 5:39:13 PM | SENT |
| Teresa Caldera | | teresa.caldera@fletcherfarley.com | 7/13/2023 5:39:13 PM | SENT |